JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MARY LOU PENNEY

## DEFENDANTS

INSPIRA HEALTH NETWORK

**(b)** County of Residence of First Listed Plaintiff    Gloucester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Gloucester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1   U.S. Government Plaintiff
- ❏ 2   U.S. Government Defendant
- ☒ 3   Federal Question    *(U.S. Government Not a Party)*
- ❏ 4   Diversity    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | ❏ 690 Other | ❏ 423 Withdrawal 28 USC 157 | ❏ 376 Qui Tam (31 USC 3729(a)) |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ Pharmaceutical | | | ❏ 400 State Reapportionment |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | ❏ 368 Asbestos Personal Injury Product Liability | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 340 Marine | **PERSONAL PROPERTY** | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | ❏ 370 Other Fraud | | ❏ 840 Trademark | ❏ 460 Deportation |
| | ❏ 350 Motor Vehicle | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 355 Motor Vehicle Product Liability | ❏ 380 Other Personal Property Damage | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 360 Other Personal Injury | ❏ 385 Property Damage Product Liability | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 362 Personal Injury - Medical Malpractice | | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | | | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 893 Environmental Matters |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 895 Freedom of Information Act |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 896 Arbitration |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ❏ 2   Removed from State Court
- ❏ 3   Remanded from Appellate Court
- ❏ 4   Reinstated or Reopened
- ❏ 5   Transferred from Another District *(specify)*
- ❏ 6   Multidistrict Litigation - Transfer
- ❏ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §621, et seq. ("ADEA"), N.J.S.A. 10:5-1, et seq. ("NJLAD").

Brief description of cause:
Plaintiff brings this action against Defendant because she was subjected to a hostile work environment and discriminated against because of her age.

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ in excess of $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE    June 1, 2017

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| **MARY LOU PENNEY** | : | |
| **Pitman, NJ 08071** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.** |
| **v.** | : | |
| | : | |
| **INSPIRA HEALTH NETWORK** | : | |
| **509 North Broad Street** | : | |
| **Woodbury, NJ 08096** | : | |
| | : | **JURY TRIAL DEMANDED** |
| **Defendant.** | : | |
| | : | |

_____

## COMPLAINT

### I.    PRELIMINARY STATEMENT

Plaintiff, Mary Lou Penney, brings this employment discrimination and retaliation action against her former employer, Inspira Health Network ("Inspira" or "Defendant").  Plaintiff was subjected to a hostile work environment and discriminated against because of her age in violation of the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD").  Plaintiff was also retaliated against and further subjected to a hostile work environment by Defendant for engaging in protected activity by complaining about discriminatory treatment in violation of the above statutes.  Plaintiff seeks damages, including economic, compensatory, liquidated, and punitive damages and all other relief this Court deems appropriate.

### II.    PARTIES

1.    Plaintiff, Mary Lou Penney, is an individual and a citizen of the State of New Jersey.  She resides in Pitman, NJ.

2.      Plaintiff was sixty (60) years old at the time of her termination.

3.      Defendant Inspira is incorporated in New Jersey with a principal place of business in Woodbury, NJ.

4.      Defendant Inspira is engaged in an industry affecting interstate commerce and regularly does business in the State of New Jersey.

5.      At all times material hereto, Defendant Inspira employed more than twenty (20) employees.

6.      At all times material hereto, Defendant Inspira acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant Inspira and in furtherance of Defendant Inspira's business.

7.      At all times material hereto, Defendant Inspira acted as an employer within the meanings of the statutes which form the basis of this matter.

8.      At all times material hereto, Plaintiff was an employee of Defendant Inspira within the meanings of the statutes which form the basis of this matter.

## III.    JURISDICTION AND VENUE

9.      The causes of action which form the basis of this matter arise under the ADEA and the NJLAD.

10.     The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

11.     The District Court has supplemental jurisdiction over Count II (NJLAD) pursuant to 28 U.S.C. §1367.

12.     Venue is proper in the District Court under 28 U.S.C. §1391(b).

13.     On or about August 19, 2015, Plaintiff filed a Charge of Discrimination with the EEOC, complaining of acts of discrimination and retaliation alleged herein.  Attached hereto, incorporated herein and marked as Exhibit 1 is a true and correct copy of the EEOC Charge of Discrimination.

14.     On or about May 12, 2017, the EEOC issued to Plaintiff a Notice of Right to Sue on Charge of discrimination and retaliation.  Attached hereto, incorporated herein and marked as Exhibit 2 is a true and correct copy of the EEOC notice.

15.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

16.     In 1982[1], Plaintiff commenced employment with Defendant Inspira (then known as Underwood Memorial Hospital) as a Licensed Practical Nurse at its hospital located at 509 North Broad Street, Woodbury, NJ 08096.

17.     At the time of Plaintiff's termination of employment, Plaintiff was an Assistant Nurse Manager.

18.     Plaintiff reported directly to Chyllene Sutton (age early 40s[2]), Director of Defendant's Perioperative Unit.

19.     Ms. Sutton reported to Terry Spoltore (50s), Vice Present of Nursing, and Ms. Spoltore reported to the President of Defendant.

20.     Ms. Sutton commenced employment at Defendant in September 2014 as Director of the Perioperative Unit and became Plaintiff's supervisor at that time.

---

[1] Dates contained herein are approximates.
[2] Ages contained herein are approximates.

3

21.     Shortly after commencing her employment, Ms. Sutton began harassing Plaintiff about her job responsibilities, often in front of Plaintiff's co-workers.

22.     By way of example, Ms. Sutton falsely accused Plaintiff – who had been working at Defendant for over thirty (30) years – of poor time management and communication skills.

23.     Upon information and belief, Ms. Sutton did not harass Plaintiff's younger co-workers in this manner.

24.     By way of further example, Ms. Sutton singled out Plaintiff for allegedly having a hard time understanding and adjusting to Defendant's new payroll system, which were causing issues for many nursing employees.

25.     On or around February 27, 2015, Plaintiff informed Denise Morin (40s) in Human Resources that she believed Ms. Sutton was bullying her.

26.     Later that same day, Defendant placed Plaintiff on a Performance Improvement Plan ("PIP"), under which Plaintiff was told to improve her communication with staff members, time management, leadership abilities, and her understanding of Defendant's payroll system.

27.     Upon information and belief, no other employees under Ms. Sutton's leadership were placed on a PIP.

28.     Prior to Defendant hiring Ms. Sutton as the new unit director, Plaintiff had not received any PIPs and had been complimented on her ability to interact positively with patients, patient families, and staff in her thirty-three (33) years working for Defendant.   Plaintiff's performance reviews had been consistently satisfactory to excellent.

29.     On or about April 1, 2015, Plaintiff complained to Bridget Feery (40s), Director of Human Resources, and Ms. Spoltere about Ms. Sutton's discriminatory behavior.

30.     Ms. Spoltere told Plaintiff that Ms. Sutton and Plaintiff would need to find a way

4

to get along.

31.     Ms. Spoltere and Ms. Feery noted Plaintiff's complaints and concerns but did not give any concrete solutions or feedback.

32.     In March 2015, Plaintiff attempted to be transferred out of the Perioperative Unit to avoid further issues with, and harassment by, Ms. Sutton, but she was denied the positions for which she applied allegedly because Plaintiff was on a PIP.

33.     Between April and May 2015, Plaintiff complained to Emily Jaworski (20s) in Human Resources about Ms. Sutton's discriminatory behavior and the fact that Plaintiff had not been treated this way by Defendant in her previous thirty-three (33) years with the company.

34.     Between April and May 2015, Plaintiff met with Ms. Sutton and Ms. Spoltere to discuss her 30-day and 60-day progress on the PIP.

35.     Ms. Sutton informed Plaintiff that she allegedly had not been improving since the PIP was implemented, even though Plaintiff had been maintaining communications with other employees and otherwise tending to her job responsibilities.

36.     On or around June 8, 2015, shortly after the 90-day progress meeting for the PIP, Ms. Sutton and Ms. Jaworski informed Plaintiff that she was being terminated from her position as Assistant Nurse Manager allegedly as a result of her alleged failure to improve on the PIP.

37.     Defendant gave Plaintiff thirty (30) days to secure another position with Defendant for which she was qualified.

38.     Defendant informed Plaintiff that if she did not secure another position by July 8, 2015, she would be terminated by Defendant.

39.     Defendant instructed Plaintiff to continue to work as Assistant Nurse Manager between June 8 and July 8, 2015 while seeking another position.

40.     Attempting to secure another position with Defendant as instructed, Plaintiff applied to give (5) different positions with Defendant for which she was qualified.

41.     Plaintiff was not offered any of the jobs for which she applied, and was forced to resign on July 8, 2015 in lieu of formal termination.

42.     Plaintiff's age was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, in the creation of the hostile work environment to which Plaintiff was subjected and in the termination of Plaintiff.

43.     Plaintiff's complaining of discrimination and a hostile work environment was a motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, in the creation and perpetuation of the hostile work environment to which Plaintiff was subjected and in the termination of Plaintiff.

44.     Defendant failed to prevent or address the harassing, discriminatory, and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of harassing, discriminatory and retaliatory conduct.

45.     The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

46.     The conduct of Defendant, as set forth above, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment are altered and the working environment is hostile or abusive.

47.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant, and the hostile work environment to which she was subjected, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits,

pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

48.     The conduct of Defendant, as set forth above, was outrageous under the circumstances, was done by and with the knowledge of upper management and warrants the imposition of punitive damages against Defendant.

49.     The conduct of Defendant, as set forth above, was willful and intentional.

## COUNT I (ADEA)

50.     Plaintiff incorporates herein by reference paragraphs 1 through 49 above, as if set forth herein in their entirety.

51.     By committing the foregoing acts of harassment, discrimination and retaliation against Plaintiff, Defendant Inspira has violated the ADEA.

52.     Said violations were willful and warrant the imposition of liquidated damages.

53.     As a direct and proximate result of Defendant Inspira's violations of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

54.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant Inspira's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

55.     No previous application has been made for the relief requested herein.

## COUNT II (NJLAD)

56.     Plaintiff incorporates herein by reference paragraphs 1 through 55 above, as if set forth herein in their entirety.

57.     Defendant Inspira, by the foregoing acts of harassment, discrimination and

7

retaliation, has violated the NJLAD.

58.     Said violations were intentional and willful and warrant the imposition of punitive damages.

59.     There was participation by upper management of Defendant Inspira in connection with the discrimination and retaliation to which Plaintiff was subjected.

60.     As a direct and proximate result of Defendant Inspira's violations of the NJLAD, Plaintiff has sustained the injuries, damages and losses set forth herein.

61.     Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendant Inspira's discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

62.     No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, Mary Lou Penney, and against Defendant Inspira.  Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)     declaring the acts and practices complained of herein to be in violation of the ADEA;

(d)     declaring the acts and practices complained of herein to be in violation of the NJLAD;

(e)     enjoining and permanently restraining the violations alleged herein;

(f)     entering judgment against Defendant in favor of Plaintiff in an amount to be determined;

(g)     awarding compensatory damages to Plaintiff to make Plaintiff whole for all past and future lost earnings, benefits and earnings capacity which Plaintiff has suffered and will continue to suffer as a result of Defendant's discriminatory and unlawful misconduct;

(h)     awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures and pain and suffering, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(i)     awarding liquidated damages to Plaintiff under the ADEA;

(l)     awarding punitive damages to Plaintiff under the NJLAD;

(m)     awarding Plaintiff such other damages as are appropriate under the ADEA and the NJLAD;

(n)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and,

(o)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: June 1, 2017                     By:     _____
                                                Stephen G. Console
                                                110 Marter Avenue, Suite 502
                                                Moorestown, NJ 08057
                                                console@consolelaw.com
                                                856-854-4000
                                                856-854-4006 (fax)

                                                Attorneys for Plaintiff,
                                                Mary Lou Penney

9

# Exhibit 1

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | ___ FEPA<br>X_ EEOC | |

| STATE OR LOCAL AGENCY: **EEOC** | | |
|---|---|---|

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Mary Lou Penney** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>(856) 582-0988 |
|---|---|

| STREET ADDRESS<br>█████████ | CITY, STATE AND ZIP<br>Pitman, New Jersey 08071 | DATE OF BIRTH<br>███/1954 |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br><br>**Inspira Health Network** | NUMBER OF EMPLOYEES, MEMBERS<br>**>5,000** | TELEPHONE (Include Area Code)<br><br>(856) 845-0100 |
|---|---|---|

| STREET ADDRESS<br>509 North Broad Street | CITY, STATE AND ZIP<br>Woodbury, New Jersey 08096 | COUNTY<br>Gloucester County |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>___ Race  ___ Color  ___ Sex  ___ National Origin<br>__X_ Retaliation  __X_ Age  ___ Disability  ___ Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*          *Latest* 7/08/2015 |
|---|---|

**The Particulars Are:**

A.    1.    Relevant Work History

In 1982,[1] I began working at Inspira Health Network (then Underwood Memorial Hospital) ("Respondent") as a Licensed Practical Nurse at its hospital located at 509 North Broad Street, Woodbury, New Jersey 08096. At the time of my forced resignation, I was an Assistant Nurse Manager, and I reported to Chyllene Sutton (age early 40s),[2] Director of Respondent's Perioperative Unit. Ms. Sutton reported to Terri Spoltore (50s), Vice President of Nursing, and Ms. Spoltore reported to the President of Respondent.

At all times, I performed the duties of my job in a competent manner.

| ___ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | ~~NOTARY~~ ~~(when necessary for State and Local Requirements)~~<br><br>~~I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief.~~ |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |
| Date: 8-19-15   *Mary Lou Penney*   Charging Party *(Signature)* | ~~SIGNATURE OF COMPLAINANT~~<br><br>~~SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE~~<br>~~(Day Month, and year)~~ |

---

[1] All dates contained herein are approximations.

[2] All ages contained herein are approximations.

1

**MARY LOU PENNEY V. INSPIRA HEALTH NETWORK**
**EEOC CHARGE OF DISCRIMINATION**

2.    Harm Summary

I believe that Respondent has discriminated against me because of my age (61) and retaliated against me for complaining of the same. Evidence of discriminatory and retaliatory conduct includes, but is not limited to, the following:

a)    In September 2014, Respondent hired a new Director of the Perioperative Unit, Chyllene Sutton, who became my direct supervisor. Ms. Sutton began harassing me about my job responsibilities, often in front of my coworkers. She falsely accused me of poor time management and communication skills.  Upon information and belief, Ms. Sutton did not harass my younger coworkers in this manner.

b)    Ms. Sutton singled me out for having a hard time understanding and adjusting to Respondent's new payroll changes, which were causing issues for many nursing employees.

c)    On February 27, 2015, I informed Denise Morin (40s) in Human Resources that I believed Ms. Sutton was bullying me. Ms. Morin took notes and informed me that she would not issue a formal complaint at that time.

d)    Later that same day, Respondent placed me on a Performance Improvement Plan ("PIP"), under which I was told to improve my communication with staff members, time management, leadership abilities, and my understanding of Respondent's payroll system. Upon information and belief, no other employees under Ms. Sutton's leadership were placed on a PIP.

e)    Prior to Respondent hiring Ms. Sutton as the new nursing director, I had not received any PIPs and had been complimented on my ability to interact positively with patients, patient families, and staff in my 33 years working for Respondent.  All of my performance reviews had been satisfactory to excellent.

f)    On or about April 1, 2015, I complained to Bridget Feery (40s), Director of Human Resources, and Ms. Spoltere about Ms. Sutton's discriminatory behavior.  Ms. Spoltere told me that Ms. Sutton and I would need to find a way to get along. They noted my concerns, but did not give me any concrete solutions or feedback.

g)    In March 2015, I attempted to be transferred out of the Perioperative Unit to avoid further issues with Ms. Sutton, but I was denied the positions for which I applied because I was on a PIP.

h)    Between April and May 2015, I also complained to Emily Jaworski (20s) in Human Resources about Ms. Sutton's discriminatory behavior and the fact that I had not been treated this way by Defendant in my previous 33 years with the company.  Again, no one offered any concrete solutions or feedback.

**MARY LOU PENNEY V. INSPIRA HEALTH NETWORK**
**EEOC CHARGE OF DISCRIMINATION**

        i)     Between April and May, 2015, I met with Ms. Sutton and Ms. Spoltore to discuss my 30-day and 60-day progress on the PIP. Ms. Sutton informed me that I had not been improving since the PIP was implemented, even though I had been maintaining communication with other employees and otherwise tending to my job responsibilities.

        j)     On June 8, 2015, shortly after the 90-day progress meeting for the PIP, Ms. Sutton and Ms. Jaworski informed me that I was being terminated from my position as Assistant Nurse Manager as a result of my alleged failure to improve on the PIP. They gave me 30 days to secure another position with Respondent for which I was qualified. They informed me that if I did not secure another position by July 8, 2015, I would be terminated from Respondent. They instructed me to continue to work as Assistant Nurse Manager between June 8 and July 8, 2015 while seeking another position.

        k)    Attempting to secure another position with Responded as instructed, I applied to five different positions with Respondent for which I was qualified. I was not offered any of the jobs for which I applied, and was forced to resign on July 8, 2015 in lieu of termination.

B.    1.    Respondent's Stated Reasons

       (a) Respondent has not provided any legitimate explanation for discriminating against me based upon my age or retaliating against me for complaining of the same.

       (b) Respondent's stated reason for my termination -- failure to improve on the PIP -- is pretext for age discrimination and retaliation.

C.    1.    Statutes and Basis for Allegations

I believe that Respondent has discriminated against me based upon my age (61) and retaliated against me in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), and the New Jersey Law Against Discrimination ("LAD").

# Exhibit 2

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Mary Lou Penney**
~~████████████~~
**Pitman, NJ 08071**

From:  **Philadelphia District Office**
**801 Market Street**
**Suite 1300**
**Philadelphia, PA 19107**

[ ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2016-00027 | **Legal Unit,** **Legal Technician** | **(215) 440-2828** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[ ]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

_____
**Spencer H. Lewis, Jr.,**
**District Director**

5/12/17
*(Date Mailed)*

cc:  **Denise Morin**
**Director Human Resources**
**UNDERWOOD-MEMORIAL HOSPITAL**
**509 N Broad St**
**Woodbury, NJ 08096**

**Rahul Munshi**
**CONSOLE LAW OFFICES**
**1525 Locust Street**
**Ninth Floor**
**Philadelphia, PA 19102**